

Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
Attorneys for Trustee
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Telefax: (801) 521-4252

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | : Bankruptcy No. 08-26308 WTT |
|---|---|
| JENNIFER ERIN SWANEY, | : (Chapter 7) |
| Debtor. | : |
| STEPHEN W. RUPP, TRUSTEE, | : Adversary Proceeding No. |
| Plaintiff, | : |
| -vs- | : |
| JENNIFER ERIN SWANEY, | : |
| Defendant. | : |

### COMPLAINT

The Plaintiff, Stephen W. Rupp, complains and alleges of Defendant as follows:

### GENERAL ALLEGATIONS

1. The Defendant is a resident of Salt Lake County in the State of Utah and a debtor before this Court pursuant to the filing of a voluntary Chapter 7 Petition by the Defendant on September 19, 2008.

2. The Plaintiff, Stephen W. Rupp, is the Trustee duly appointed for the Chapter 7 estate of the Defendant.

3. The jurisdiction of this Court is properly invoked under 28 U.S.C. §157 and §1334 and by General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah. The matter is a core proceeding under 28 U.S.C. §157(b). Venue is proper in the Central Division for the District of Utah.

4. The Defendant scheduled that she was the owner of a property at 621 Island Place Way, Tampa, Florida 33602 for at least four years on a signed and dated Uniform Residential Loan Application and declaration dated February 1, 2007. The Defendant now denies ownership of the property.

5. On the date of petition, the Defendant had in her bank account the account balance of $1,042.25. The Defendant also received into her account the amount of $457.13 soon after the filing of the bankruptcy petition.

6. Despite request, the Defendant has failed to turnover her account balance of $1,042.25 or the funds received into that account shortly after the filing of the bankruptcy case.

7. Prior to the filing of the bankruptcy petition, the Defendant transferred into her children's bank accounts $40,000.00 each. The Defendant has been requested to produce copies of those account statements since February 20, 2007.

8. As of the date of the filing of this Complaint, the Defendant has failed to produce any account statements for those accounts, including any current statements mailed to the Defendant's children showing the title owner and the current account balances. The Defendant has failed to provide statements which will confirm that the accounts are held exclusively in the name of and controlled by James Jacobsen. The Defendant has failed to explain how activity in the accounts occur, including transfers out of those accounts into the accounts of the Defendant.

9. The Defendant has failed to produce a copies of the front and back of Check No. 189 in the amount of $33,400.00.

10. The Defendant has failed to provide identifying information for Steven Campbell, including social security numbers, addresses and telephone numbers, a party to whom the Defendant has made transfers or for whom the Defendant has incurred obligations.

11. Defendant has failed to satisfactorily explain debit card withdrawals attributable to purchases at Osterman Jewelers in the amount of $3,148.00 on March 7, 2007 and in the amount of $3,143.45 on April 5, 2007.

12. The Defendant has failed to produce copies of her 2008 tax returns or to turnover refunds.

13. The Defendant has failed to disclose all businesses and business dealings in which the Defendant has been involved in the last six years, including, but not limited to, a dealing to which the Defendant refers as the Defendant's "Taylor Joint Venture." The Defendant has failed to provide full explanation concerning the Taylor Joint Venture, including a copy of the joint venture agreement and other documents involved in the joint venture. The Defendant has failed to amend the answer to Question 18 and disclose the joint venture. The Defendant has failed to identify the tax return on which the Defendant's income from the Taylor Joint Venture is disclosed.

14. The Defendant has failed to provide to the Trustee statements documenting attorney's fees, billings and evidence of payment of fees since January 1, 2007.

15. The Defendant has failed to produce books, records, documents and information requested by the Plaintiff, specifically those items relating to the Defendant's financial affairs and dealings and property or claims of the bankruptcy estate.

16. The Defendant failed to appear and be examined on March 31, 2009.

### FIRST CLAIM FOR RELIEF

17. The Plaintiff incorporates by reference the prior allegations of this Complaint.

18. The Defendant has withheld, concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records and papers from which the Defendant's financial condition or business transactions might be ascertained.

19. The Defendant has knowingly and fraudulently, in or in connection with this case, withheld from the Plaintiff recorded information, including books, documents, records and papers relating to the Defendant's property or financial affairs.

20. The Defendant is not entitled to a discharge under §727(a)(3) and (4)(D) of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF

21. The Plaintiff incorporates by reference the prior allegations of this Complaint.

22. The Defendant has failed to explain satisfactorily the loss of assets or deficiency of assets to meet the Defendant's liabilities.

23. The Defendant should be denied a discharge under §727(a)(5) of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF

24. The Plaintiff incorporates by reference the prior allegations of this Complaint.

25. The Defendant acquired property or books and records that are property of the bankruptcy estate, or became entitled to acquire property or books and records that would be property of the bankruptcy estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property or books and records of the estate, or to deliver or surrender such property or books and records to the Trustee.

4

26. In this regard, the Defendant has with the intent to hinder, delay or defraud the Plaintiff, transferred, removed, destroyed, mutilated, concealed or withheld, or has permitted to be transferred, removed, destroyed, mutilated, concealed or withheld property or books and records of the estate after the date of the filing of the petition.

27. The Defendant is not entitled to a discharge under §727(d) and (a)(2)(B) of the Bankruptcy Code.

## FOURTH CLAIM FOR RELIEF

28. The Plaintiff incorporates by reference the prior allegations of this Complaint.

29. The Defendant has failed to turnover books, records, documents, information and properties of the bankruptcy estate. The Defendant's acts or conduct or failures to act and omissions have resulted in loss to the bankruptcy estate, including tax refunds and account balances and property of the estate received by the Defendant shortly after the filing of the Defendant's bankruptcy petition.

30. As a result of the Defendant's acts or conduct or failures to act and omissions, the Defendant has effectively converted to the Defendant's own use and benefit property of the bankruptcy estate and has obstructed or frustrated the Plaintiff's ability to identify and realize the value of property or claims of the bankruptcy estate. The amount at issue is at least $1,499.00, including account balances. The amount also includes the amount of year 2008 tax refunds received by the Defendant, which the Plaintiff alleges to be in the amount of no less than $3,000.00.

31. The Plaintiff is entitled to a money judgment against the Defendant in the amount of no less than $4,499.00 or such amounts to be shown at trial.

WHEREFORE, the Plaintiff requests relief and remedy against the Defendant as follows:

1. An appropriate judgment or order denying the Defendant a discharge with prejudice under §727 of the Bankruptcy Code.

2. A money judgment for the Plaintiff against the Defendant in the amount of $4,499.00 and such amount to be shown at trial.

DATED this _15_ day of June, 2009.

        McKAY, BURTON & THURMAN

        By_____
        Stephen W. Rupp
        Attorneys for Chapter 7 Trustee/Plaintiff

**Plaintiff's Address:**
170 South Main Street, Suite 800
Salt Lake City, UT 84101
ka\pl\swaney.com

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> STEPHEN W. RUPP, TRUSTEE | **DEFENDANTS** <br> JENNIFER ERIN SWANEY |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> MCKay, Burton & Thurman, 170 South Main Street, Suite 800, SLC, UT 84101 (801) 521-4135 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  4,499.00 |
| Other Relief Sought | |

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JENNIFER ERIN SWANEY | | BANKRUPTCY CASE NO.<br>08-26308 WTT | |
| DISTRICT IN WHICH CASE IS PENDING<br>UTAH | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>William Thomas Thurman | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>June 15, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stephen W. Rupp, Trustee | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.